NO. 13-4448

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

                              *Appellee,*

v.

ARCHIE FULTON MOORE,

                              *Appellant.*

On Appeal from the United States District Court

For the Middle District of North Carolina

**APPELLANT'S REPLY BRIEF**

LOUIS C. ALLEN
Federal Public Defender

ERIC D. PLACKE
Assistant Federal Public Defender
301 North Elm Street, Suite 410
Greensboro, NC 27401
(336) 333-5455

JUSTIN A. LEA
Certified Legal Intern
Civil and Criminal Externship Clinic
Wake Forest University School of Law

*Attorneys for Appellant*

**TABLE OF CONTENTS**

TABLE OF CONTENTS...............................................i

TABLE OF AUTHORITIES...........................................ii

    CASES......................................................ii
    MISCELLANEOUS..............................................ii

ARGUMENT

    THE DISTRICT COURT ERRED BY APPLYING A TWO-LEVEL ENHANCEMENT FOR MAINTAINING A PREMISES FOR THE PURPOSE OF MANUFACTURING OR DISTRIBUTING A CONTROLLED SUBSTANCE PURSUANT TO USSG § 2D1.1(b)(12)............................1

CONCLUSION......................................................7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

**CASES**

Anderson v. Bessemer City,
    470 U.S. 564 (1985)........................................2

United States v. Bolander,
    722 F.3d 199 (4th Cir.),
    cert. denied, 2013 WL 5566075 (U.S. Nov. 4, 2013)..........1

United States v. Flores-Olague,
    717 F.3d 526 (7th Cir.),
    cert. denied, 2013 WL 3232769 (U.S. Oct. 7, 2013)..........4

United States v. Hall,
    664 F.3d 456 (4th Cir. 2012) ..............................6

United States v. Miller,
    698 F.3d 699 (8th Cir. 2012),
    cert. denied, 133 S.Ct. 1296 (2013).......................4

United States v. Sanchez,
    710 F.3d 724 (7th Cir.),
    vacated and remanded, 2013 WL 2458365
    (U.S. Oct. 7, 2013)........................................4

**MISCELLANEOUS**

USSG § 2D1.1..................................................5

USSG § 2D1.1(b)(12).................................. i, 1, 5-7

ARGUMENT

THE DISTRICT COURT ERRED BY APPLYING A TWO-LEVEL ENHANCEMENT FOR MAINTAINING A PREMISES FOR THE PURPOSE OF MANUFACTURING OR DISTRIBUTING A CONTROLLED SUBSTANCE PURSUANT TO USSG § 2D1.1(b)(12).

The Government's brief, while thorough and well-written, does not adequately answer the Defendant's contention that the District Court erred, both factually and legally, by applying a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance within the meaning of USSG § 2D1.1(b)(12).

The Government correctly notes that a factual finding "is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Gov't Brief at 14 (quoting United States v. Bolander, 722 F.3d 199, 206 (4th Cir.), cert. denied, 2013 WL 5566075 (U.S. Nov. 4, 2013). However, the Government does not – indeed cannot – defend the District Court's clearly erroneous finding that "[r]eference was made in certain portions of the presentence report, particularly the ones the Court has mentioned in terms of [Paragraphs] 7 and 9, that the Defendant was cooking cocaine base, crack, within the residence of 134 Nigel Drive, Jackson Springs, North Carolina."  J.A. 69 (emphasis added).  As the Defendant

1

argued at Pages 16-17 of his opening brief, Paragraph Nine of the presentence report (J.A. 93) simply does not say that he was cooking crack cocaine in his residence at 134 Nigel Drive; rather, the only "account of the evidence [that] is plausible in light of the record viewed in its entirety" is that he cooked the crack cocaine he sold the informant that day in Ms. Bowden's residence at 135 Nigel Drive.  Anderson v. Bessemer City, 470 U.S. 564, 574 (1985).

Not only is the Government unable to defend the factual accuracy of the District Court's findings regarding the events of July 31, 2001, as described in Paragraph Nine of the presentence report, its own discussion of those events is factually incomplete.

> Both the factual basis filed at the time of his guilty plea and the presentence report prepared established that informants were able to purchase crack on six occasions over a six month period by going to Moore's mobile home.  On five of those occasions (April 30, July 31, August 2, August 20 and November 9), the informants met directly with Moore at his residence and then obtained crack.  On two occasions (April 30 and May 7), either Moore or his son sold the crack from a supply maintained at the residence, and on three occasions (July 31, August 2, and November 9), Moore obtained crack from Bowden and brought it back to 134 Nigel Drive to give to the informants.

Gov't Brief at 15-16 (emphasis added).  What the Government fails to mention is that, on July 31, 2001, Moore "told the informant to wait in the car," not in the residence at 134 Nigel Drive, and that there is no indication Moore detoured through his own mobile

2

home on the way back to the informant's car from Bowden's mobile home at 135 Nigel Drive.  J.A. 93.

In sum, there is simply no evidence in the record that Moore's residence, his mobile home at 134 Nigel Drive, had any connection, much less any significance, to the transaction on July 31, 2001, other than the unremarkable fact that the informant initially found him there.  The District Court's factual finding that Moore cooked crack cocaine in his residence at 134 Nigel Drive on July 31, 2001, is clearly erroneous.

Moreover, both the July 31, 2001, transaction, when there was no meaningful connection between Moore's residence and the drug transaction, as well as the multiple occasions when other members of the conspiracy engaged in drug transactions at completely separate locations, or when Moore either sent the informant elsewhere or had to go elsewhere to retrieve the crack cocaine, highlight a critical distinction between this case and the Seventh and Eighth Circuit cases upon which the Government relies.  J.A. 93.  For example, the Government contends "[t]he frequency of the undercover buys at Moore's residence is comparable to the three undercover buys of methamphetamine from the wife and the four buys from the husband that the Eighth circuit found not to be incidental

3

or collateral in Miller[1] and to the seven undercover cocaine transactions totaling 39.1 grams found sufficient for the enhancement by the Seventh Circuit in United States v. Flores-Olague, 717 F.3d 526, 528 (7th Cir.), cert. denied, 2013 WL 3232769 (U.S. Oct. 7, 2013)." Gov't Brief at 16.  However, in both Miller and Flores-Olague, there is no indication that any of the relevant drug trafficking took place anywhere other than the residence in question.  In contrast, in this case, most of the known drug transactions either took place elsewhere altogether, or at least involved crack cocaine prepared or stored elsewhere.  Likewise, while the Government properly cites United States v. Sanchez, 710 F.3d 724, 729 (7th Cir.), vacated and remanded, 2013 WL 2458365 (U.S. Oct. 7, 2013), for the proposition that "the proper inquiry is whether the drug transactions were a second primary use of the premises or were instead merely a collateral use," that case is also vastly different from the case at hand.  In Sanchez, the Seventh Circuit specifically noted that drug transactions did not occur anywhere else in determining if the household was to be considered a premise maintained for the purpose of manufacturing or distributing a controlled substance:  "the report implies that all of the transactions occurred in the home, and it does not

---

[1] United States v. Miller, 698 F.3d 699 (8th Cir. 2012), cert. denied, 133 S.Ct. 1296 (2013).

4

mention them having taken place anywhere else." Sanchez, 710 F.3d at 731 (emphasis in original).

Finally, while the Government simultaneously downplays the importance of the "frequency of use" test specifically called for by Application Note 17 to USSG § 2D1.1, and argues that the District Court's "analysis … was not incompatible with" that test, it completely ignores the Defendant's argument at Page 21 of his opening brief that, even if the District Court did engage in a comparable "frequency" analysis, that analysis is still undermined by its use of the wrong legal standard with regard to the *type* of illegal conduct. Gov't Brief at 18. As the Defendant has already argued, and as the Government has failed to rebut, the District Court's conclusions "that controlled substance activity continued to take place at Defendant's residence up to and including March 17, 2002," and "that the controlled substances activity occurring at the residence was one of Defendant's primary principal uses for the premises and not just incidental or collateral use," is inconsistent with Section 2D1.1(b)(12)'s specific and narrow requirement that the purpose be manufacturing or distributing a controlled substance. J.A. 69 (emphasis added). The Defendant recognizes that, in its very next sentence, the District Court referred to "the frequency of the contacts for the purpose of purchasing controlled substances or cooking or manufacturing

5

controlled substances." J.A. 70. Nevertheless its repeated invocation of the wrong standard – "controlled substance activity" – was an error of law that undermines its entire analysis. As the Government concedes, such an error of law is subject to de novo review. Gov't Brief at 14 (citing United States v. Hall, 664 F.3d 456, 472 (4th Cir. 2012).

Based on the clearly erroneous factual findings, compounded by misapplication of the proper legal standard, the District Court erred by applying the two-level enhancement under USSG § 2D1.1(b)(12), and thus erroneously increased the Defendant's advisory guideline imprisonment range from 188 to 235 months to 235 to 293 months. Accordingly, the District Court's second amended judgment should be vacated, and the Defendant's case remanded for resentencing without application of the enhancement.

CONCLUSION

This Court should vacate the District Court's second amended judgment, and remand Moore's case to the District Court for resentencing without application of a two-level enhancement under USSG § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance.

Respectfully submitted, this the 14th day of November, 2013.

>LOUIS C. ALLEN
>Federal Public Defender
>
>/s/ Eric D. Placke
>ERIC D. PLACKE
>Assistant Federal Public Defender
>Arkansas State Bar No. 86207
>North Carolina State Bar No. 20671
>301 N. Elm Street, Suite 410
>Greensboro, NC 27401
>Phone: (336) 333-5455
>E-mail: Eric_Placke@fd.org
>
>JUSTIN A. LEA
>Certified Legal Intern
>Civil and Criminal Externship Clinic
>Wake Forest University School of Law

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    __X__    This brief contains __1,324__ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); or

    _____    This brief uses a monospaced typeface and contains ___ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type style requirements of Fed. R. App. P. 32(a)(6) because:

    __X__    This brief has been prepared in a proportionally spaced typeface using __Word 2013__ in __12 pt Courier New type style__; or

    _____    This brief has been prepared in monospaced typeface using _____ word processing program in _____ font and type style.

Signed:       /s/ Eric D. Placke

Attorney
For:          Archie Fulton Moore

Date:         November 14, 2013

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4448

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Appellee, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | OF APPELLANT'S BRIEF |
| ARCHIE FULTON MOORE, | ) | |
| Appellant. | ) | |

### **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Harry L. Hobgood, AUSA

I further certify that, on this date, I mailed the foregoing document by First Class Mail, postage prepaid, to the Appellant at the following address:

Mr. Archie Fulton Moore, Reg. No. 22045-057
Jesup FCI
2680 301 South
Jesup, GA 31599

Respectfully submitted this the 14th day of November, 2013.

LOUIS C. ALLEN
Federal Public Defender

/s/ Eric D. Placke
ERIC D. PLACKE
Assistant Federal Public Defender
Arkansas State Bar No. 86207
North Carolina State Bar No. 20671
301 N. Elm Street, Suite 410
Greensboro, NC 27401
Phone: (336) 333-5455
E-mail: Eric_Placke@fd.org